Cullum v. Emanuel & Gaines, *et al.*

## CULLUM v. EMANUEL & GAINES, *et al.*

1. It is competent for a creditor to secure himself both by a mortgage, and the engagement of a third person for payment by the debtor. And the creditor may either proceed in equity for a foreclosure, or prosecute an action at law upon the promise of the debtor and his surety.

2. It is a clear principle that a surety who has paid the debt of his principal, is entitled to stand in the place of the creditor, as to all securities for the debt held, or acquired by the creditor, and to have the same benefit from them as the creditor might have had.

3. If the creditor parts with or renders unavaliable securities, or any fund which he would be entitled to apply in discharge of his debt, the surety becomes exonerated *pro tanto.*

4. But the doctrine of substitution rests upon the basis of equity and benevolence, and the creditor who has disabled himself from yielding up to the surety, the means of reimbursement which he had, is not to be injured ; provided he acted without a knowledge of the rights of others, and with good faith and just intentions.

5. *Ordinarily* the sale of the equity of redemption does not operate an extinguishment of the *mortgage*, but the purchaser acquires only the right to complete his title by the payment of the mortgage debt.

6. Whether the purchase of the equity of redemption by the mortgagee will extinguish the mortgage : *quere*—It will not have that effect, as against a surety, if the mortgagee purchase *in good faith and with just intentions*, avowing it to be his purpose to give to the surety the benefit of the mortgage, and to appropriate rents and profits in aid of his liability.

This case comes here from the chancery court, holden at Mobile.

THE plaintiff in error, who was complainant below, states in his bill that the defendants Emanuel & Gaines, on the ninth day of May 1834, sold to Stephen V. V. Schuyler and James F. Roberts, certain real estate situate in the city of Mobile, and took from each of them ten separate promissory notes for the payment of the purchase money, payable in one, two, three, four, five, six, seven, eight, nine and ten years from their date. The four notes

first payable, made by Schuyler, were endorsed by the plaintiff, and the four notes of Roberts, first payable, were endorsed by Jack F. Ross, since deceased ; the other several notes of the purchasers were payable directly to the order of Emanuel & Gaines without any endorser thereon.

It is further stated that Schuyler and Roberts executed a mortgage of the property purchased by them to secure all of their notes, as well those endorsed as those that were not ; *conditioned* that if each and all of the notes were fully paid off and discharged, then the mortgage should be of no effect. That the notes first payable, had been paid while the others that have fallen due, remain undischarged.

The plaintiff avers that Schuyler and Roberts were exclusively interested in the consideration of the notes,—the plaintiff and Ross endorsed the same for the accommodation of the respective makers, without compensation therefor, and that such was known to be the fact by Emanuel & Gaines. That Emanuel & Gaines have filed a bill for the foreclosure of the mortgage, which was then pending in the circuit court of Mobile—that Schuyler and Roberts are insolvent, and that Schuyler's equity of redemption has been sold by the sheriff of Mobile County, under a judgment and execution, and that the same was purchased by one James Fitzsimmons, for thirty-five dollars, as an agent and in trust for Emanuel & Gaines, who now claim to be the proprietors of the premises. It is further alledged that Emanuel & Gaines have recovered a judgment against the plaintiff on one of the notes endorsed by him, and threaten to bring suit on another— that the mortgaged premises are worth, at least, thirty thousand dollars, a sum more than sufficient to pay all the notes endorsed by the plaintiff and Ross; yet the defendants, Emanuel & Gaines, have caused an execution to be issued on their judgment against the property of the plaintiff.

The plaintiff insists that the mortgaged premises should be subjected to the payment of all the notes in the order in which they fall due, and that immediately upon the payment of the notes endorsed by him, he is in equity entitled to be reimbursed the amount paid, and must stand in the situation of the

mortgagee in regard to the mortgage.   That he could avail himself of that security in order to his indemnification, though the mortgages might thereby be defeated in the collection of the notes not endorsed ; and that inasmuch as the plaintiff in the judgment had purchased the equity of redemption and extinguished the security to which he was entitled to be remitted, he therefore prayed an injunction to restrain the collection of the execution.

An injunction having been awarded, the defendants, Emanuel & Gaines, filed their joint and several answers, admitting the allegation of the bill in respect to the sale of real estate in Mobile, to Schuyler and Roberts, the making and endorsing of notes and the execution of the mortgage.   But these defendants explicity state that it was agreed and understood at the time of the sale to Schuyler and Roberts, that in addition to the mortgage, such an endorser as the respondents approved, should be furnished on a portion of the notes ; and that the notes were handed over to them endorsed as stated, without any conversation having been had between the respondents and the endorsers.   That an endorser was required, that the respondents might have a security for the purchase money, beyond, and in addtion to the mortgage.

The respondents admit the payment of one of the notes and the filing of a bill of foreclosure, after forfeiture of the mortgage.

The respondents further state that, Schuyler, after the execution of the mortgage to them, executed a mortgage in favor of the Branch of the Bank of the State of Alabama at Mobile, of the same property, to secure to that institution the sum of sixty thousand six hundred and three and ninety-one one hundredths dollars, which sum it is believed, still remains unsatisfied.   That after the execution of the last mentioned mortgage, the interest of Schuyler in the mortgaged property was sold under an execution at law, by the sheriff of Mobile county, when the respondents became the purchasers for the sum of thirty-five dollars, though they considered the interest sold of no value, inasmuch as the property was not of value sufficient to satisfy the incumbrances upon it.

4

The purchase of the interest of Schuyler was made for the purpose of avoiding all controversy which might have arisen, if any one else had have purchased, and without any intention of extinguishing the equity of redemption. The respondents knew of the existence of the mortgage in favor of the bank at the time of the sheriff's sale—and it was their intention to apply the rents, as received, to the payment of their debt and interest, and they are still willing, as rent is received, thus to apply it.

The insolvency of Schuyler and Roberts is admitted, and the respondents insist in their answer upon the benefit of a demurrer.

Upon motion the injunction was dissolved, and the bill continued as an original. From this *decree* the plaintiff prosecutes an appeal in order that *the same* may be here revised.

J. A. CAMPBELL, for the plaintiff.
STEWART, for the defendants.

COLLIER, C. J.—In the argument of this cause two points have been made for the plaintiff:

1. That the mortgage operates in equity, as a lien upon the property embraced by it for the payment of all the notes made by Schuyler and Roberts—that the notes are entitled to priority of satisfaction from this security in the order in which they fall due. And that, inasmuch as the plaintiff upon payment of either of the notes in which he may be a surety, might resort to the mortgage for indemnification, equity will dispense with this circuity by requiring Emanuel & Gaines to seek a satisfaction from that source in the first instance.

2. That a surety is entitled to all the securities or means of payment to which the creditor was entitled, and if a creditor has destroyed or impaired these, the surety is *pro tanto* discharged. The defendants, Emanuel & Gaines, having purchased Schuyler's interest in the equity of redemption, extinguished the mortgage, (which was an ample security for the notes of which the plaintiff was the endorser) and thus released the plaintiff from his liability:

1. It is clearly competent for a creditor to secure himself both

by a lien on property and the engagement of a third person undertaking for the payment by the debtor. And the creditor is not obliged to proceed in equity upon his mortgage, but has the election either to seek a foreclosure, or to prosecute an action at law upon the promise of the debtor and his surety. (Tice v. Annin, 2 John's. Ch. Rep. 125: Dunkley v. Van Buren and others, 3 John'. Ch. Rep. 330.) The mortgage is a mere security for the debt, and is regarded as an incident to the legal contract to pay, which remains in full force, and on this ground rests the principle which permits the mortgagee to elect his remedy.

To sustain the argument for the plaintiff on this point, we have been referred to the case of Gwathmeys v. Ragland. (1 Rand. Rep. 466.) The facts of that case, so far as they need be noticed, are these, "a deed of trust was executed by William and Francis Sutton, to trustees to secure the payment of three notes to a certain Anderson Barrett. The first note was paid, the second transferred, by endorsement, to Nathaniel Ragland, without any assignment to him of the deed of trust; the third note was endorsed to Robert and Temple Gwathmey, who took an assignment of the deed of trust for their security." The trustees having advertised for sale the property embraced by the deed, to satisfy the note held by Ragland, the Gwathmeys filed a bill to enjoin the sale of the trust property to satisfy Ragland's claim, insisting that as they had taken an assignment of the deed of trust, and Ragland had not, their lien was to be preferred to his. *The Court of Appeals* held that the deed of trust was an additional security for the payment of the notes to Barrett or his assigns, in the order in which they fell due, it follows the notes into the hands of their several holders, and it was not competent for Barrett, by an assignment of the deed to the Gwathmeys to deprive Ragland of his priority of right to demand a sale of the trust property, if necessary to the payment of his claim. There was no fraud or misrepresentation imputed to Ragland, and the assignment of the deed to the Gwathmeys gave them full notice of the order in which the notes were to have been paid, and should have put them upon inquiry whether the first and second

had been paid, when they took an assignmunt of the third note.

This case decides 1st. That where property is conveyed to secure the payment of notes to fall due at different periods, and a controversy arises between the assignees of the notes, the holder of the one first maturing is entitled to a priority of payment from the property conveyed.    2d. That the assignment of the notes carries to their assignees the interest in the security furnished by the deed, without any written declaration to that effect, by the assignor.    Neither of these points are applicable to the case at bar:    There is no controversy between assignees as to the right of preference; but the argument assumes that the plaintiff cannot be charged upon his undertaking to *Emanuel & Gaines,* because the mortgaged property is of greater value than the amount of the notes endorsed by himself and Roberts.    This argument we have already said cannot be maintained.

2. It is a well ascertained principle, that the surety who has paid the debt of the principal, is entitled to stand in the place of the creditor as to all securities for the debt, held or acquired by the creditor, and to have the same benefit from them as the creditor might have had.    This doctrine is very clearly stated by Lord Eldon, in Craythorne v. Swinburne.  (14 Ves. Rep. 162.) The Lord Chancellor says, "A surety is entitled to every remedy which the creditor has against the principal debtor, to enforce every security and all means of payment; to stand in the place of the creditor not only through the medium of contract; but even by means of securities entered into without his knowledge, having a right to have those securities transferred to him, though there was no stipulation for it; and to avail himself of all those securities against the debtor."    And Chancellor Kent in Cheeseborough v. Millard, (1 John's Ch. Rep. 409.) has shewn that this doctrine of substitution is equally well known to the Civil law and in the English Chancery.    See also, Parsons v. Briddock; (2 Vern, Rep. 608): Wright v. Morley; (11 Ves. Rep. 10): Harrison v. Glossop; (3 Ves. & B. Rep. 135), Hayes v. Ward and others; (4 John's. Ch. Rep. 123: 1 Story's Eq. 477.)

Cullum v. Emanuel & Gaines *et al.*

If the creditor parts with or renders unavailable securities, or any fund which he would be entitled to apply in discharge of his debt, the security becomes exonerated to the extent of the value of such securities; because securities which the creditor is entitled to apply in discharge of his debt, he is bound to apply, or to hold them as a trustee ready to be applied for the benefit of the surety; Mayhew v. Cricket, 2. Swants Rep. 185; Law v The East India Com., 4. Ves. Rep. 824; Cheeseborough v. Millard, 1. Johns. Ch. Rep. 409; Capel v. Butler, 2. Simon & Stuart's Rep. 457; Hoyes v. Ward and others, 4. Johns. Ch. Rep. 123: 1. Story's Eq. 480, '1.

But as the doctrine of substitution rests on the basis of mere equity and benevolence, the creditor who has disabled himself, from yielding up to the surety the means of re-imbursement which he had, is not to be injured thereby; provided, he acted without a knowledge of the rights of others, and with good faith and just intentions, which is all that equity requires. (Cheeseborough v. Millard, 1. John's Ch. Rep. 409 ; 1. Story's Eq. 471 to 483.)

Ordinarily the purchase of the equity of redemption, does not operate in extinguishment of the *mortgage*, but the purchaser takes it charged with the *lien*, having acquired only the right to complete his title, by the payment of the mortgage debt. Whether the purchase by a mortgagee will have the effect to destroy the equitable right of a surety (situated as the plaintiff ) to substitution, we need not determine, as the case may be disposed of on another ground.

The defendants, Emanuel & Gaines, explicitly state, that they considered the equity of redemption of no value, inasmuch as the mortgaged property was of less value than the incumbrances upon it—that the purchase of Schuyler's interest was made for the purpose of avoiding controversy which might have arisen, if another person had purchased. That they were aware of the existence of the mortgage to the Bank, at the time of the Sheriff's sale, and that it was, and still is their intention to apply the rents and profits as received, to the extinguishment of their debt

and interest.   Here is a direct disavowal of an intention to extinguish the mortgage, and a statement of facts shewing that Emanuel & Gaines in purchasing the equity of redemption of Schuyler, acted in good faith and with just intentions.   The plaintiff instead of being prejudiced by that act, is likely to be benefitted, as the respondents declare that it is their intention to appropriate the rents and profits to the payment of the debt and interest due them.   Even if it were conceded that the mortgaged property, without reference to the extent of its value, should be disposed of for the payment of the notes in the order in which they fall due, yet it cannot be maintained that the plaintiff is released from his suretyship on the ground that the mortgage is extinguished.   The disclaimer and concessions made in the answer of the respondents are sufficient to prevent such a result, whatever might be the conclusion of law apart from these. Without examining further, the arguments on this point, we are of opinion that the case made by the bill and answer, does not show an extinguishment of the mortgage, to the prejudice of the rights of the plaintiff.   His interest in equity is unaffected by the purchase of Schuyler's interest by the respondents.

The result is, that the decree of the Circuit Court is affirmed.