# Barnett & Jackson *v.* McMillan.

*Bill to Enjoin Mortgage Sale and for Cancellation.*

(Decided April 18, 1912. 58 South. 400.)

*Mortgages; Assignment; Merger.*—Where the purchaser of property subject to a mortgage agreed to pay off the first mortgage as part of the purchase price, the vendor agreeing to pay off the second mortgage, and instead of discharging the first mortgage the purchaser took an assignment thereof, and on that ground attempted to defeat foreclosure by the assignee of the second mortgage, the assignment of the first mortgage to the purchaser operated as a discharge, and extinguished all his rights thereunder.

APPEAL from Monroe Law and Equity Court.

Heard before Hon. C. K. TORREY, Special Judge.

Bill by the members composing the firm of Barnett & Jackson against Carrie M. McMillan for an injunction to restrain a mortgage sale, and for cancellation of a mortgage. From a decree for respondents complainants appeal. Affirmed.

BARNETT & BUGG, for appellant. An assignment to the owner of the equity of redemption who is not the original mortgagor, but is a subsequent purchaser, will

[Barnett & Jackson v. McMillan.]

not operate as a discharge or merger of the mortgage, as it is to his manifest interest to hold the two different titles distinct if he has any occasion for protection against any other intervening interest or title.—1 Jones on Mortgages, 868, 869, 871; *Gresham v. Ware,* 79 Ala. 197; *Fouche v. Swain,* 20 A. & E. Enc. of Law, 1067.

T. S. WIGGINS, and C. L. HYBART, for appellee. The paying off the mortgage and having it assigned extinguished the mortgage and the debt.—2 Pom. 797. The facts in this case bring it within the influence of the following authorities.—*Ehrman v. Ala. M. L. Co.,* 109 Ala. 478; 72 Am. St. Rep. 323; 99 Am. St. Rep. 145; 2 Pom. secs. 793, 797; 1 Jones on Mortgages, sec. 865.

SIMPSON, J.—The bill in this case is filed by the appellants against the appellee, alleging that complainants are the owners of the lands described in the bill, under conveyances from Cornelia R. Smith and her husband, David K. Smith, to B. H. Stallworth, whose title has passed to complainants; that said Stallworth agreed to purchase said land on the 23d day of July, 1908, at which time there were two mortgages on the same, one from said D. K. and Cornelia Smith, to C. A. Smith, of November 1, 1907, for $300, which was transferred to said Stallworth on November 3, 1908, and another by the same parties, of January 2, 1908, to the Monroe County Bank, for $878.88; that on July 23, 1908, said D. K. Smith and wife borrowed money from the appellee for the purpose of taking up and paying said Monroe County Bank mortgage, and for other purposes, in order to give said Stallworth a clear title to the land, the understanding and agreement being that said bank mortgage was to be satisfied; that, in pursuance of said agreement, said D. K. Smith and Cornelia

Smith, on July 23, 1908, executed their notes to said appellee for $1,242.12, with a mortgage on the lands in question; and that, notwithstanding said agreement, said appellee has advertised the land for sale under a purported transfer of said bank mortgage. The prayers are for injunction and cancellation.

The defense set up in the answer and cross-bill is that the transaction by which Stallworth bought the land from D. K. and Cornelia Smith was that he was to give $800 for the land; that it was agreed he should retain out of the purchase money a sufficient amount to pay off the mortgage to C. A. Smith; that, in accordance with said agreement, said Stallworth, after paying the remainder of purchase money to said Smiths, paid $300 to said C. A. Smith, and, in place of having the mortgage satisfied, had it transferred to himself, which, it is claimed, operated as a merger of the mortgage into the title.

It is also stated that on July 23, 1908, respondent loaned $1,200 to said Cornelia Smith; that out of said sum, in accordance with the agreement, she paid the amount due on, and took an assignment of, the mortgage to the bank; that she did not agree that said mortgage should be canceled, but, on the contrary, stipulated that she was to have said mortgage as collateral security, in addition to the mortgage which Cornelia Smith and her husband, D. K. Smith, executed to her, said bank mortgage covering property not included in the one made to appellee; that she had foreclosed the mortgage made directly to her, and did not realize the amount due her, leaving about $300 to be made out of said bank mortgage held by her as collateral, and under which she had advertised a sale, as stated in the bill. The cross-bill prays for a reference and an order for the sale of the property covered by the bank mortgage.

[Barnett & Jackson v. McMillan.]

The answer to the cross-bill reiterates the statements of the bill, to the effect that Stallworth had purchased the C. A. Smith mortgage and had it transferred to him, before taking the deed from Cornelia and D. K. Smith, for the purpose of protecting his title against the bank mortgage, and that the taking by appellee of the transfer of the bank mortgage, in place of canceling it, was contrary to agreement, etc.

A careful consideration of the evidence leads to the conclusion that, when the Smiths sold the property to Stallworth, a part of the consideration money was agreed, between him and the Smiths, to be paid in satisfaction of the mortgage from Cornelia and D. K. Smith to C. A. Smith; that this amount was paid, not for the purchase of the mortgage, but as a part of the consideration which Stallworth was to pay for the land; that this was a part of the transaction of purchase, and not a previous purchase of the mortgage.

The evidence also leads to the conclusion that the appellee, Mrs. McMillan, when she agreed to loan the money to Smith, insisted upon being secured, not only by the mortgage made directly to her, but also by the store lot, which was included in the bank mortgage, and in accordance with said demand the bank mortgage was transferred and assigned to her for the purpose indicated.

It is a general principle of law that "when the legal title becomes united with the equitable title, so that the owner has the whole title, the mortgage is merged by the unity of possession."—1 Jones on Mortgages (6th Ed.) § 848, p. 892; 2 Pomeroy Eq. Jur. (3d Ed.) § 790, p. 1400.

It is true that the lien of the mortgage may be preserved and kept separate for the protection of the purchaser of the legal title; and, "if there is any reason

for keeping it alive, such as the existence of another incumbrance, equity will not destroy" the lien which has been acquired by the holder of the legal title.— 2 Pomeroy, Eq. Jur. (3d Ed.) § 791, p. 1401, and section 793, p. 1405; 1 Jones on Mortgages (6th Ed.) § 848, p. 893; *Gresham v. Ware,* 79 Ala. 192, 196, 197.

"An owner of the fee, subject to a charge, who is himself the principal and primary debtor, and is liable personally and primarily for the debt secured, cannot pay off the charge and in any manner or by any form of transfer keep it alive. * * * The rule also applies to a grantee of the mortgagor who takes a conveyance of the land, subject to the mortgage, and expressly assumes and promises to pay it as a part of the consideration. * * * If he pays off the mortgage, it is extinguished."—2 Pomeroy Eq. Jur. (3d Ed.) § 797, pp. 1499, 1410; 1 Jones on Mortgages (6th Ed.) § 864, p. 904; *Ehrman et al. v. Ala. Min'l Land Co.,* 109 Ala. 478, 483, 484, 20 South. 112; 27 Cyc. 1331.

In accordance with the principles stated, the payment by Stallworth of the Smith mortgage satisfied it, and the mortgage was merged in the title; and he cannot interpose said mortgage as a prior lien to the bank mortgage, which was transferred and assigned to Mrs. McMillan as collateral security for the debt due her.

The decree of the court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.