(104 So. 1)

### BOATRIGHT v. FENNELL.　(8 Div. 670.)

(Supreme Court of Alabama.　April 16, 1925.)

**1. Pleading ⬤⟿376—Material averments need not be proved when admitted.**

Material averments need not be proved when admitted.

**2. Parent and child ⬤⟿9(1)—Parent presumed dominant party in transaction with child.**

Parent is presumed dominant party in transaction with child, in absence of sufficient evidence to contrary.

**3. Mortgages ⬤⟿295(1)—Intervening right or interest of mortgagee to keep title distinct will prevent merger of legal and equitable titles.**

Intervening right between mortgage and equity will prevent merger of legal and equitable titles united in mortgagee, and there is no merger if it is to interest of mortgagee to keep title distinct.

**4. Mortgages ⬤⟿295(1)—Equity will not destroy lien acquired by holder of legal title, if there is any reason for keeping it alive.**

Equity will not destroy lien acquired by holder of legal title, if there is any reason for keeping it alive.

**5. Evidence ⬤⟿419(2)—Generally, inconsistent consideration cannot be shown by parol, in the absence of fraud or mistake.**

Generally, inconsistent consideration cannot be shown by parol, in the absence of fraud or mistake, as where deed recited love and affection as consideration, and it was sought to show deed was given in satisfaction of mortgage on land conveyed and other land.

**6. Mortgages ⬤⟿295(2)—Deed to assignee of mortgage held not intended as merger of mortgage title with legal title.**

Deed conveying to assignee of mortgage part of mortgaged property *held* not intended as merger of mortgage title with legal title, but executed to make permanent the description given in prior deed executed prior to mortgage.

Appeal from Circuit Court, Colbert County; Charles P. Almon, Judge.

Bill to foreclose mortgage by Lula Mae Boatright against John Fennell, as administrator of the estate of Z. T. Higdon, and another, and cross-bill by the administrator. From a decree denying relief, complainant appeals. Reversed and remanded.

James Jackson, of Tuscumbia, and E. W. Godbey, of Decatur, for appellant.

The fact of maintenance and care of the grantor by the grantee, and recital in the deed of a consideration of love and affection, preclude the deed from being a satisfaction of the mortgage. Steed v. Hinson, 76 Ala. 298; Mobile Savings Bank v. McDonnell, 89 Ala. 434, 8 So. 137, 9 L. R. A. 645, 18 Am. St. Ry. 137; London . v. Anderson Brass Works, 197 Ala. 16, 72 So. 359; Goodlett v. Hansell, 66 Ala. 151; Murphy v. Branch Bank, 16 Ala. 90; M. & M. Ry. v. Wilkinson, 72 Ala. 286; Hubbard v. Allen, 59 Ala. 283. A deed to a small part of a tract by mortgagor to assignee of mortgage cannot effect a merger and extinguishment of the mortgage as to the entire tract. Smith v. Roberts, 91 N. Y. 470; Stover v. Herrington, 7 Ala. 142, 41 Am. Dec. 86; Cole v. Beale, 89 Ill. App. 426; Gresham v. Ware, 79 Ala. 192; Myers v. O'Neal, 130 Ind. 370, 30 N. E. 510; Barker v. Flood, 103 Mass. 474; Wilhelmi v. Leonard, 13 Iowa, 330; King v. McVickar, 3 Sandf. Ch. (N. Y.) 192; Casey v. Buttolph, 12 Barb. (N. Y.) 637; Pike v. Goodnow, 12 Allen (Mass.) 472; Sahler v. Signer, 44 Barb. (N. Y.) 606; Clark v. Clark, 56 N. H. 105.

Kirk & Rather, of Tuscumbia, for appellee.

The burden was on the mortgagee to show the transaction by which the mortgagor released his equity of redemption was fair and free from undue influence or fraud. Webb v. Globe Sec. Co., 203 Ala. 226, 82 So. 476. Such release will be set aside, if there is no consideration for it. 27 Cyc. 1374; Holridge v. Gillespie, 2 Johns. Ch. (N. Y.) 30; Russell v. Southard, 12 How. 139, 13 L. Ed. 927; Thornton v. Pinckard, 157 Ala. 210, 47 So. 289; Peagler v. Stable, 91 Ala. 308, 9 So. 157; Shaw v. Lacy, 199 Ala. 451, 74 So. 933; Potts v. Coleman, 86 Ala. 94, 5 So. 780.

THOMAS, J. The bill was for foreclosure. The administrator of the mortgagor filed answer and cross-bill seeking relief as to other lands not described in the bill, but embraced in the mortgage sought to be foreclosed. The prayer of the cross-bill was to set aside a deed to lands not embraced in the foreclosure prayed for by the bill, or to be allowed to redeem all the lands covered by the mortgage, and therefore those embraced in the deed sought to be set aside on the ground of fraud or undue influence.

The decree rendered dismissing complainant's bill, among other things, said of the deed, the subject of one phase of the cross-bill:

"It is insisted by respondents in their answer and cross-bill filed February 8, 1923, that decedent at the time of executing the deed to complainant was unable to pay interest on the mortgage debt, and complainant, by the power she had over him in being the owner of the mortgage, caused the conveyance to be made to her of the equity of redemption in the most valuable part of the property; that the deed should be set aside and the administrator as the representative of the creditors be permitted to redeem the property by paying the debt with accrued interest.

"On due consideration of all the legal evidence, the court is of the opinion the conveyance of May 7, 1918, conveying to complainant a

part of the property mortgaged, was intended by decedent as a discharge of his liability under the mortgage.

"It is therefore ordered, adjudged, and decreed that complainant in this cause is not entitled to the relief prayed; that the debt secured by said mortgage was discharged by the conveyance of May 7, 1918."

The mortgage was of date February 10, 1914, to S. M. Hall, as guardian, and the note and mortgage were transferred and assigned to complainant June 14, 1916; she paying the amount of the principal and accrued interest thereon. The foregoing is averred in the bill as amended. In the third paragraph thereof it is averred that—

"The said lands were owned and possessed by Z. T. Higdon at the time of his death, save and except that part described as follows: Beginning at the northwest corner of said four-acre tract, at a point on the Tuscumbia and Courtland road where the tract joins the land formerly owned by Mrs. Jane Higdon, thence east along said road three chains and fifty-four links, thence south to the lands of J. H. Puller, thence west to the lands formerly owned by Mrs. Jane Higdon, thence north to the point of beginning, being the west part of said parcel as shown on the above map. The last-named land having been conveyed by Z. T. Higdon many years before his death to the complainant, and later, on May 7, 1918, he made another conveyance to her, stating that he wanted to make a more perfect or better description. The said Z. T. Higdon also owned at the time of his death the north ½ of the southwest ¼, less three acres, of section 35, township 4, range 10, in said county."

[1] This averment is admitted in the answer and cross-bill, saying: "3. The allegations in paragraph 3 of the bill are admitted to be true." When material averments are admitted in pleading, they need not be proven. The evidence shows the first deed (1913) conveyed the same lands as the last deed to complainant of date May 7, 1918—though description was changed from that designated by a row of pear trees to the calls of a survey—courses and distances. The 1913 deed was delivered to grantor when he executed that of May 7, 1918. The recited consideration of both deeds was "love and affection." The testimony shows there was no contradiction in the two instruments. The evidence shows there was no payment of the Hall note and mortgage; and there was no proof of any fraud or undue influence practiced or exerted by complainant over the mortgagor and grantor—her father. The execution of the deeds, note, and mortgage was not denied; nor was the consideration of either instrument denied.

Appellee urges, in support of the decree, that the conveyance of Mr. Higdon to his daughter of the bulk of the property covered by the mortgage "operated to extinguish the debt," and that the "mutilation of the note indicates payment and cancellation." The original note is before us for inspection, and we are not impressed with the insistence that it was so mutilated by the parties as to indicate its payment and collection of the debt evidenced thereby.

[2] What was the effect of the deed of May 7, 1918, to a part of the land embraced in the mortgage, as bearing on the extinguishment of the debt evidenced by the note and secured by the mortgage embracing the same and other lands? The deed in 1913 was before the execution of the mortgage to Hall—that assigned to complainant. There being no evidence of undue and vitiating influence, the absence of the daughter as a teacher, the presence of the other daughter, and the parent being presumed to be the dominant party, in the absence of sufficient evidence to the contrary (McLeod v. McLeod, 145 Ala. 269, 40 So. 414, 117 Am. St. Rep. 41), we are of opinion that the second deed was merely making more permanent and certain the description contained in the first deed, and that no fraud or undue influence induced the same.

[3-5] It is held that a deed, to a part of the mortgaged lands, given to the assignee of the mortgage, without more, is not a merger or extinguishment of the mortgage on the lands described therein. Stover v. Herrington, 7 Ala. 142, 41 Am. Dec. 86; Gresham v. Ware, 79 Ala. 192. As a general rule, when the legal and equitable titles become united in the mortgagee, the mortgage is merged by the unity of possession; if, however, "it is to the interest of the mortgagee to keep the titles distinct, there is no merger, and an intervening right between mortgage and the equity will prevent a merger." Gresham v. Ware, 79 Ala. 192, 196. "'If there is any reason for keeping it alive, * * * equity will not destroy' the lien which has been acquired by the holder of the legal title." Barnett & Jackson v. McMillan, 176 Ala. 430, 58 So. 400.

The support, maintenance, and care bestowed upon the father by the complainant, and the recitals of "love and affection" as the sole consideration of the deed, refute the idea of satisfaction of the mortgage to the larger tract of land. This is in harmony with the general rule that an inconsistent consideration cannot be shown by parol, in the absence of fraud or mistake. Murphy v. Branch Bank, 16 Ala. 90; Hubbard v. Allen, 50 Ala. 283, 296; Goodlett v. Hansell, 66 Ala. 151; Mobile & M. R. R. Co. v. Wilkinson, 72 Ala. 286; Steed v. Hinson, 76 Ala. 298; Mobile Savings Bank v. McDonnell, 89 Ala. 434, 8 So. 137, 9 L. R. A. 645, 18 Am. St. Rep. 137; Higdon v. Leggett, 208 Ala. 352, 94 So. 359; London v. Anderson Brass Works, 197 Ala. 16, 22, 72 So. 359.

[6] The 1913 deed is averred to have existed before the mortgage, is admitted in the failure of the answer and cross-bill to con-

tradict its existence, and that it was voluntarily given and not the result of fraud or undue influence by or for the complainant. We cannot escape the conclusion that the effect of the second deed was to make permanent the description, and that it was not intended as a merger of the mortgage title with the legal title. The mortgage on the whole tract as described was valid and existing and subject to redemption, without diminution by reason of the conveyance of the portion of the land embraced in the deed by the mortgagor to the complainant. The evidence does not show such infirmity on the part of Mr. Higdon as to render him subservient and lacking in intellect, or susceptible to the suggestion of any one in the premises.

The decree of the circuit court, in equity, is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.