(117 So. 29)

A. M. ROBINSON CO. v. ANNISTON LAND CO.   (7 Div. 785.)

Supreme Court of Alabama.   May 17, 1928.

Rehearing Denied June 7, 1928.

1. **Novation** ⬅1—"Novation" requires three or more parties, previous valid obligation, agreement to validate new contract, and extinguishment of old contract.

"Novation" involves three or more parties, and requires a previous valid obligation, agreement of the parties to a new contract, extinguishment of the old contract, and validity of the new contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Novation.]

2. **Subrogation** ⬅23(1)—One advancing money to discharge prior lien will be substituted in such superior rights by subrogation.

One who advances money for the discharge of a prior lien will be substituted in such superior rights by way of subrogation, and the superior claim will prevail to extent of its seniority.

3. **Mortgages** ⬅296—Mortgagee, taking deed from mortgagor in lieu of foreclosure, takes with record notice of junior mortgagee's right of redemption.

A mortgagee or his assignee, in taking deed from mortgagor in lieu of foreclosure of equity of redemption, is subordinate to the record notice that the junior mortgagee had right of redemption within the two-year period.

4. **Mortgages** ⬅295(1)—Merger ordinarily results on mortgage holder becoming owner of fee, unless contrary to party's intent, or prejudicial to rights of mortgagor or third parties.

Merger ordinarily results if holder of mortgage on realty becomes owner of fee, unless parties intend to keep alive the mortgage, or if it is to mortgagee's interest to do this, or necessary to his protection, and this can be done without prejudice to rights of mortgagor or third parties.

5. **Mortgages** ⬅20, 294—Contemporaneous agreement for sale or release of equity of redemption will be set aside, but subsequent contract to that effect will be sustained, in absence of fraud or grossly inadequate consideration.

An agreement between mortgagor and mortgagee for sale or release of equity of redemption, made contemporaneously with execution of mortgage, will be set aside by court of equity, but subsequent contract to that effect will be sustained, if not tainted by fraud and founded on consideration not grossly inadequate.

6. **Mortgages** ⬅297—Two years held reasonable time for redemption under agreement with mortgagee acquiring equity of redemption.

Where no time is stated in agreement between mortgagor and mortgagee to whom mortgagor has conveyed equity of redemption, two years will, by analogy, be held a reasonable time.

7. **Mortgages** ⬅295(4)—Where mortgagor deeded mortgaged property to mortgagee in consideration of cancellation of mortgage, intervening mortgage held not superior to mortgagee's title under deed.

Where defendant sold lands to G., retaining purchase-money mortgage, and in following year complainant took mortgage from purchasers, and duly recorded it, and thereafter, defendant took deed from mortgagor in consideration of the cancellation of mortgage debt to defendant, held, that complainant's intervening mortgage was not superior to defendant's title, and complainant was not entitled to enforce it as a superior lien, interest, or title in the lands for balance due on its subsequent mortgage.

Appeal from Circuit Court, Calhoun County; W. B. Merrill, Judge.

Bill in equity by the A. M. Robinson Company against the Anniston Land Company to establish the priority of and to enforce a lien upon real estate. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

The substance of the bill is as follows:

On November 20, 1924, the Anniston Land Company sold to Edna J. Goodlett two tracts

of land, taking mortgages securing the balance of purchase money in each instance. On July 23, 1925, complainant took a mortgage from Edna J. Goodlett and her husband upon the real estate mentioned to secure an indebtedness then due and owing by the Goodletts to complainant, a part of which is still due and unpaid. On June 16, 1927, the Anniston Land Company made an agreement with Edna J. Goodlett, canceling the mortgage indebtedness for the unpaid balance of the purchase money, and taking from Edna J. Goodlett and her husband a deed to the lands described, which deed is exhibited with the bill. The consideration recited in said deed was $1 and "the cancellation of the mortgage debt that the said Edna J. Goodlett is due" the Anniston Land Company, "in her purchase of * * * property" in suit from the Anniston Land Company. At the time of taking said deed, it is averred, the Anniston Land Company, "expressly agreed to take title to the lands as of the 16th day of June, in lieu of their mortgage and lien, and thereby waived their lien of mortgage, and lien for balance of the purchase money, which was fully satisfied at the time, and, in lieu thereof, they took the conveyance of such title as was vested in Edna J. Goodlett on the said 16th day of June, 1927." It is further alleged that the mortgage given by the Goodletts to complainant was filed for record August 22, 1925, and recorded in the office of the judge of probate, and was, from such date, a lien upon the lands in question, of which the Anniston Land Company had legal notice; that by reason of the subsequent agreement between the Anniston Land Company and Edna J. Goodlett the land company "has satisfied its lien and mortgage above stated, and the intervening mortgage lien of orator is superior to the title now claimed by the Anniston Land Company; and orator is entitled to enforce the same as a prior lien upon the said lands, for the balance due upon said mortgage indebtedness.

The relief sought is the adjudication of complainant's lien as superior to the title claimed by defendant; a reference to ascertain the amount due upon the mortgage indetedness, and a sale of the lands for payment of same. .

Rutherford Lapsley, of Anniston, and Dorsey, Howell & Heyman, of Atlanta, Ga., for appellant.

Appellant having expressly agreed to payment and cancellation of its mortgage, appellant's intervening lien of mortgage, of which appellee had notice, became first lien on the property. Wiley v. Boyd, 38 Ala. 625; Barnett & Jackson v. McMillan, 176 Ala. 430, 58 So. 400; Hopkins v. Jordan, 201 Ala. 184, 77 So. 710. This record shows an express novation of the original contract between

appellee and mortgagor. Hopkins v. Jordan, supra. Conveyance of the premises by the mortgagor to the mortgagee effects a merger of the two estates, vests the mortgagee with complete title, and puts an end to the mortgagee's rights under the mortgage. To prevent merger, it must appear that such was the intention of the conveyance. 27 Cyc. 1378–1382. In taking the deed, appellee was bound by the notice afforded by the record of appellant's mortgage. Alexander v. Welch, 10 Ill. App. 186.

Chas. D. Kline, of Anniston, for appellee.

The lien of the appellee's mortgage was not merged in the fee-simple title. 19 R. C. L. 484. Appellant has now, as it had before, the right to redeem. Grace v. Montgomery, 209 Ala. 386, 96 So. 430; McAllister v. Catchings, 210 Ala. 392, 98 So. 303; Cunningham v. House, 212 Ala. 557, 103 So. 578.

THOMAS, J. [1] The general essentials of a novation have been recently declared by this court. It involves three or more parties, and consists of four requisites, viz.: (1) A previous valid obligation; (2) the agreement of the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new contract. Hopkins v. Jordan, 201 Ala. 184, 77 So. 710; J. F. Morgan Paving Co. v. Carroll, 211 Ala. 121, 99 So. 640.

[2] In the recent case of Woodruff v. Satterfield, 199 Ala. 477, 74 So. 948, it was declared that one who advances money for the discharge of a prior lien will be substituted in such superior rights by way of the rule of subrogation. The superior claim will prevail to the extent of its seniority.

[3] A mortgagee or his assignee, in taking a deed from the mortgagor in lieu of foreclosure of the equity of redemption, is subordinated to the record notice that the junior mortgagee had the right of redemption within the two-year period. McAllister v. Catchings, 210 Ala. 392, 98 So. 303; Cunningham v. House, 212 Ala. 557, 103 So. 578; Grace v. Montgomery, 209 Ala. 386, 96 So. 430.

[4] The foregoing are in harmony with the rule that one, having a mortgage on real estate, becoming the owner of the fee, ordinarily the result is a merger; yet it is a qualification thereof (1) if the intention of the parties was to keep alive the mortgage, or (2) if it is to the interest of the mortgagee to do this, or (3) necessary to his protection, and (4) this can be done without prejudice to the rights of the mortgagor or third parties as between such original parties the doctrine of merger will not apply. Cullum v. Emanuel, 1 Ala. 23, 34 Am. Dec. 757; Hamilton v. Robinson, 190 Ala. 549, 67 So. 434; 19 R. C. L. p. 484, § 276, and authorities.

That is to say, in a court of equity, a merger will not be allowed where it would work injustice, and thereby violate well-estab-

lished principles of equity and the intention of the parties. 41 C. J. p. 776, §§ 870–872; Cullum v. Emanuel, 1 Ala. 23, 34 Am. Dec. 757; Woodward v. Clegge, 8 Ala. 317; Fawcetts v. Kimmey, 33 Ala. 261; Knighton v. Curry, 62 Ala. 404; White's Adm'r v. Life Association of America, 63 Ala. 419, 35 Am. Rep. 45; Gresham v. Ware, 79 Ala. 192; Hamilton v. Robinson, supra. This is rested upon the presumption that, in the absence of proof to the contrary, one intends what will best accord with his rightful interest, and what is necessary to protect that interest without violating the superior rights of other parties. Boatright v. Fennell, 213 Ala. 10, 104 So. 1; Gresham v. Ware, 79 Ala. 192, 196, 197; Stover v. Herrington, 7 Ala. 142, 41 Am. Dec. 86.

In Boatright v. Fennell, 213 Ala. 10, 104 So. 1, it is declared that intervening right or interest of the mortgagee to keep title distinct will prevent a merger of the legal and equitable title; that equity will not destroy the prior lien acquired by the subsequent holder of the legal title, if there is any lawful reason for keeping the prior equity or lien alive and not merged. Barnett & Jackson v. McMillan, 176 Ala. 430, 58 So. 400; 2 Pom. Eq. Jur. (3d Ed.) § 791, p. 1401, § 793, p. 1405; 1 Jones on Mortg. (6th Ed.) p. 893, § 848; 41 C. J. p. 779, § 874; 19 R. C. L. p. 484, § 276 et seq.

[5, 6] Mr. Justice Somerville declared that, on principles of public policy, an agreement between mortgagor and mortgagee for the sale or release of the equity of redemption, entered into contemporaneously with the execution of the mortgage, will be set aside by a court of equity; that subsequent contract to that effect will be sustained, if not tainted by fraud, and found on consideration not grossly inadequate; and, where no time is stated in the agreement for redemption, two years will, by analogy, be held a reasonable time. Stoutz v. Rouse, 84 Ala. 309, 4 So. 170; Coleman v. Coleman, 173 Ala. 282, 55 So. 827; Savage v. Bradley, 149 Ala. 169, 43 So. 20, 123 Am. St. Rep. 30; Dinkins v. Latham, 202 Ala. 101, 79 So. 493.

[7] With this understanding of the general rules of law having application, or incidentally for consideration in this decision, it should be said that the purpose of the original bill was for enforcing, on the land embraced in several conveyances, an alleged prior lien in favor of complainant, a second or intervening lienholder. It is alleged in the bill that defendant (appellee) had sold the lands in 1924, retaining a purchase-money lien, and thereafter, the following year, complainant took a mortgage from such purchasers and owners, and duly recorded the same, and the defendants took a deed from mortgagor to the property (in 1927) reciting as the true consideration:

"The cancellation of the mortgage debt that the said Edna J. Goodlett is due the party of the second part, in her purchase of the hereinafter described property from the party of the second part."

The right of the complainant's intervening mortgage is not superior to the title claimed by the Anniston Land Company, and the A. M. Robinson Company, corporation, is not entitled to enforce the same as a *superior* lien, interest, or title in and to said lands for the balance due upon its subsequent or third mortgage under the prayer of the bill to that end. It is noted that no question of redemption is incorporated in the pleading, and that the accounting sought was for payment on complainant's alleged superior title or claim in the land. The decree sustaining demurrers to the bill is in accord with the law on the subject obtaining in this jurisdiction.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.