Francis S. Odom appeals from a circuit court judgment reforming the property description in a deed conveying certain real property in Autauga County from Odom to Clarence R. Hull.
In 1978, Odom's father deeded to her a 40-acre tract of land, which included the approximately 22-acre parcel at issue in this case. At that time, Odom was married to Bobby J. McKissick; she and McKissick divorced in 1984.
In April 1979, Odom and McKissick executed to the Bank of Prattville a mortgage on property identified on the mortgage instrument as "PARCEL I" and "PARCEL II" and described by metes and bounds. Attached to the mortgage was a map, dated October 1978, of the 40-acre property; that map showed it divided into four parcels. The map indicated that parcel one contained approximately 22.74 acres. However, the legal description of that parcel on the mortgage document contained two apparent errors. As written, the metes and bounds description does not "close." But if the compass direction on two of the metes and bounds calls is modified to read "northwest" instead of "southeast," then the description would close and would accurately describe the tract of land shown as parcel one on the map attached to the mortgage.
In May 1979, Odom and McKissick executed a real estate mortgage to TranSouth Financial Services, that mortgage containing the same description as that given on the Bank of Prattville mortgage for parcel one. These two mortgages were, apparently, ultimately satisfied. In September 1980, Odom and McKissick executed a mortgage to Lee Franklin. That mortgage contained the same metes and bounds description as that on the Bank of Prattville and TranSouth Financial mortgages.
In August 1981, Odom and McKissick executed three deeds, all referring to the October 1978 map and conveying parcel two to Steve Odom, parcel three to Randy Odom, and parcel one to Clarence Hull, the husband of McKissick's sister, who had provided Odom and McKissick with financial support. The deeds listed the number of each parcel conveyed, e.g., "Parcel I" to Hull, and contained metes and bounds descriptions. The deed conveying parcel one from Odom and McKissick to Hull gave the same property description as that found on the above-noted mortgages.
Although the deed conveying parcel one to Hull was properly recorded a day after it was executed, Hull was unaware of that deed until Franklin, the mortgagee, sought satisfaction of the mortgage from Hull. Hull did not learn of the problem with the legal description of the property deeded to him until 1982, after Franklin had assigned his mortgage from Odom and McKissick to Beverly Hull, Clarence Hull's daughter, who later executed an assignment back to Franklin. Those instruments contained the same erroneous legal description.
In November 1986, Clarence Hull, Beverly Hull, and the estate of Lee Franklin filed this action against Odom, McKissick, and other defendants, seeking reformation of the property description on the deed and mortgages. Odom's answer admitted that there had been a "mutual mistake" as to the property description on her deed to Hull, but denied that she had intended to convey the 22-acre parcel to Hull. She also counterclaimed, making four claims against the plaintiffs. Odom first sought reformation of the property description on her deed to Hull and on the mortgage to Franklin. Odom claimed that the property description on the deed to Hull was intended to describe only lot number three in a subdivision that had been built on another parcel of the land she had been deeded from her father. She further claimed that the property description on the mortgage to Franklin was supposed to describe lots two, three, and four in that same subdivision. Odom's counterclaim also made claims alleging various misrepresentations and breach of an oral promise. Finally, *Page 444 
Odom crossclaimed against McKissick, alleging that he had misrepresented to her that the property described on the deed to Hull and in the mortgage to Franklin was other than what was actually described on those instruments.
On September 15, 1992, the trial court entered a summary judgment in favor of the plaintiffs on Odom's counterclaims alleging misrepresentation and breach of contract. In March 1994, the circuit court held a nonjury trial on the competing claims seeking reformation of the property descriptions on the instruments at issue. On May 4, 1994, the trial judge entered an order in favor of the plaintiffs, reforming the property description on the deed and mortgages to accurately describe the approximately 22-acre tract shown on the 1978 map as parcel one. The trial judge ruled that "the Plaintiffs proved by clear and convincing evidence that there was a mutual mistake as to the description of the property and that the intent at the time of the conveyances was to convey and/or mortgage 22.04 acres, more or less." The trial court denied all requests for relief other than reformation of the instruments. This ruling, in effect, was also a ruling against Odom on her claim against McKissick. Odom appeals only that portion of the judgment reforming the property description on the deed she and McKissick made to Hull.
 I.
Ala. Code 1975, § 35-4-153, provides that where a deed, mortgage, or similar conveyance does not express the true intentions of the parties because of a mutual mistake, the instrument may be revised by a court to express the true intentions. Odom argues that the trial court erred in ruling that there was a mutual mistake during her conveyance of real property to Hull and, therefore, that the court's reformation of the deed in favor of Hull was improper. She notes that Hull was not aware of the deed when it was made and did not learn of it until some months later. She argues that under those circumstances, Hull could not have had a misunderstanding as to what was to be conveyed and, thus, that a mutual mistake in the legal description of the property conveyed was not possible.
Although Odom's argument has some merit, we note that in her formal answer to the plaintiffs' complaint, she expressly admitted that there was a mutual mistake regarding the description of the property conveyed by her and McKissick to Hull. It is well settled that once a "fact" is admitted in the pleadings, it need not be proved at trial. Roobin v. Grindle,219 Ala. 417, 122 So. 408 (1929); Boatright v. Fennell,213 Ala. 10, 104 So. 1 (1925). Thus, we pretermit discussion of the issue whether the trial court erred in ruling that a mutual mistake had occurred in the conveyance of the property from Odom and McKissick to Hull.
 II.
The next issue before this Court is whether the trial court correctly determined the true intentions of the parties and reformed the deed in question to reflect those intentions. The trial court entered its judgment based on a nonjury trial. Where ore tenus evidence is presented to the trial court, a presumption of correctness exists as to the court's findings on issues of fact; its judgment based on these findings of fact will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gaston v. Ames, 514 So.2d 877
(Ala. 1987); Cougar Mining Co. v. Mineral Land MiningConsultants, Inc., 392 So.2d 1177 (Ala. 1981).
The metes and bounds description of the property deeded by Odom and McKissick to Hull in 1981 is identical to that on the 1979 mortgage to the Bank of Prattville. Although the legal description on both documents contains minor errors, both the mortgage and the later deed relate to "Parcel I," which was clearly shown on the map attached to the Bank of Prattville mortgage as containing approximately 22 acres. Thus, the trial court's finding that Odom and McKissick intended to convey to Hull parcel one, containing approximately 22 acres, is well supported by credible evidence. Its judgment based on that finding is not clearly erroneous.
The judgment in favor of Hull is affirmed.
AFFIRMED.
ALMON, HOUSTON, KENNEDY and INGRAM, JJ., concur. *Page 445