MAIN, Judge,
dissenting.
I respectfully dissent from the majority opinion reversing the circuit court’s suppression of the drug evidence found in Ellis’s vehicle.
Initially, I do not agree with the majority’s application of the de novo standard of review. The majority states: “Though Cpl. Richerson’s testimony is confusing at times, there were no discrepancies of factual disputes in his testimony. The only point that was not fully explained at the suppression hearing was whether the friend that Ellis had called was present at the time that Cpl. Richerson asked Ellis for his consent to search the vehicle.” 71 So.3d at 45. Based on my review of the record, it appears that there was also a discrepancy or factual dispute as to why Cpl. Richerson denied Ellis the opportunity to drive his vehicle after the traffic stop had concluded. Cpl. Richerson initially indicated on direct and cross-examination that he did not allow Ellis to drive the vehicle because he felt Ellis was not able to safely drive at the time. However, on cross-examination, the following exchange occurred:
“[Defense counsel]: He signed the citation; correct?
“[Cpl. Richerson]: Correct.
“[Defense counsel]: And at that point in time Mr. Ellis should have been or maybe — you can tell me — was free to leave? He — the purpose of your traffic stop, et cetera, was over; correct?
*52 “[Cpl. Richerson]: I was still conducting an investigation, but at that point he could have denied consent. But, also, I would’ve still had — you know, it’s— that’s free air. I’m allowed to search the exterior of that vehicle.”
(C. 12.) Further, on questioning by the circuit court, the following exchange occurred:
“THE COURT:.... Let me ask you this, Corporal. If at the point where he passed the field sobriety tests and, you know, you’ve given him his traffic citation — like you said, you didn’t want him driving the car. If there had been someone else in the car with him, say there was someone else in there that was fine to drive, I assume at that point that person could have gotten in there and they would’ve just driven away?
“[Cpl. Richerson]: Not necessarily. I mean, I would’ve still asked consent. We’ve made a practice, I mean, with the K-9 that I can ask for consent to be provided, Your Honor.”
(R. 14-15.)[3] Thus, I cannot say that the material facts were undisputed. Therefore, I do not believe that a de novo review is appropriate in this case.
Rather, I would review the case governed by the following principles. In J.T.C. v. State, 990 So.2d 444 (Ala.Crim.App.2008), this Court explained the standard of review of a trial court’s ruling on a motion to suppress as follows:
“ ‘Where evidence is presented to the trial court ore tenus in a nonjury case, a presumption of correctness exists as to the court’s conclusions on issues of fact; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Odom v. Hull, 658 So.2d 442 (Ala.1995). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court’s judgment. Ex parte Board of Zoning Adjustment of the City of Mobile, 636 So.2d 415 (Ala.1994).’ ”
990 So.2d at 446 (quoting Ex parte Agee, 669 So.2d 102, 104 (Ala.1995)). “It is true that, absent clear error, the trial court’s credibility choices on issues of fact at suppression hearings are binding on this Court.” State v. Hill, 690 So.2d 1201, 1204 (Ala.1996) (citing Powell v. State, 624 So.2d 220 (Ala.Crim.App.1993)). Further,
“ ‘[c]onflicting evidence given at [a] suppression hearing presents a credibility choice for the trial court.’ Atwell v. State, 594 So.2d 202, 212 (Ala.Cr.App.1991), cert. denied, 594 So.2d 214 (Ala. 1992). ‘[A] trial court’s ruling based upon conflicting evidence given at a suppression hearing is binding on this Court, and is not to be reversed absent a clear abuse of discretion.’ Jackson v. State, 589 So.2d 781, 784 (Ala.Cr.App.1991) (citations omitted).”
Rutledge v. State, 651 So.2d 1141, 1144-45 (Ala.Crim.App.1994). With this standard of review in mind, I note the following.
I agree with the technical point asserted by the majority, and agreed with by Judge Welch in his dissent, that Ellis’s person was no longer seized and he was free to leave after signing the traffic citation. However, like Judge Welch, I too believe that Ellis’s property was still seized at that point and that, because of the facts of this case, the evidence seized as a result of the search is due to be suppressed.
Had Ellis simply left his vehicle at the scene and departed, as the majority suggests, then the officer could have still con *53 ducted the free-air search with his K-9 unit on the then “abandoned” vehicle. Or, had Ellis declined consent and remained at the vehicle, the officer could have still conducted the free-air search with his K-9 unit on the vehicle. As Cpl. Rieherson stated: “but at that point he could have denied consent. But, also, I would’ve still had — you know, it’s — that’s free air. I’m allowed to search the exterior of that vehicle.” (R. 12.)
Further, the majority’s reliance on People v. Robinson, 391 Ill.App.3d 822, 833, 330 Ill.Dec. 519, 909 N.E.2d 232, 244 (2009) (“[E]ven if defendant did not have immediate access to a ride to leave the scene, a reasonable person in the same circumstances still would have felt free to decline the officers’ requests.”), is misplaced. In Robinson, the defendant was a passenger in a vehicle owned and driven by another person.[4] Further, the consent to search the vehicle in Robinson was obtained from the owner/driver of the vehicle, not from Robinson. Here, Ellis was the owner of the vehicle, and he was the only person present. Thus, I do not find Robinson, or the principle of law for which it is cited, to be persuasive in this case.
Thus, I believe that Ellis’s vehicle was unlawfully seized. Therefore, I would affirm the circuit court’s order granting of the motion to suppress.[5] Accordingly, I respectfully dissent.

. In a later exchange with the circuit court, Cpl. Richerson gave conflicting testimony as to whether he would have conducted the free-air search had Ellis declined consent.

. An anonymous telephone caller alerted the police that Robinson made numerous trips to a nearby town to purchase narcotics and provided authorities with information regarding the vehicle's owner and address, and after some initial surveillance a traffic stop was initiated based on improper registration of the vehicle.

. Like Judge Welch, I too note that affir-mance is permissible even if based on a reason other than that stated by the trial court. See Peraita v. State, 897 So.2d 1161, 1183 (Ala.Crim.App.2003), aff'd, 897 So.2d 1227 (Ala.2004).