**BURR v. FOX.**

6 Div. 440.

Supreme Court of Alabama.

Nov. 16, 1933.

Wm. H. Burr, of Birmingham, for appellant.

Smyer, Smyer & Bainbridge, of Birmingham, for appellee.

GARDNER, Justice.

The real estate here involved is business property situated in the city of Birmingham, a description of which is set forth in the bill.

Complainant, W. T. Fox, owns an one-half undivided interest in the property and files the present bill seeking a sale thereof for division among the joint owners. The remaining one-half interest was owned by David J. Fox, now deceased, and whose will is made Exhibit A to the bill. The widow of said decedent survives and has remarried. His nephew, David J. Fox, is over thirty-five years of age, and the son of the nephew, Gaudin Thomas Fox, a minor, represented by his guardian ad item, prosecutes the appeal. The Birmingham Trust & Savings Company, the trustee named in the will, the Title Guarantee Loan & Trust Company, the owner of the mortgage executed by complainant on his one-half undivided interest in the property, the said widow (now Lula F. Sims), the nephew, David J. Fox, and his minor son, Gaudin Thomas Fox, are each made parties defendant to the bill, appear, and file answer thereto. Thus all necessary and proper parties are before the court, where the interest of each may be duly protected, including that of any remaindermen, whether vested or contingent. Fitts v. Craddock, 144 Ala. 437, 39 So. 506, 113 Am. St. Rep. 53.

The bill avers, and the proof without conflict discloses, that the property was thus jointly owned as above indicated, and cannot be equitably divided without a sale thereof for that purpose. A sale for division was therefore complainant's right.

"It is quite well settled that partition of lands held by tenants in common is matter of right. The one cannot be forced to hold jointly with others, or to pass such title as he has to another subject to joint ownership and user. The statutes looking to sale for division are cumulative, affording a more adequate method of partition where it cannot be equitably partitioned in kind. In such case, a sale for division is matter of right." Etheredge v. Etheredge, 219 Ala. 660, 123 So. 48, 49; Section 9331, Code 1923.

And the fact that complainant had executed to the Title Guarantee Loan & Trust Company a mortgage on his undivided interest did not in any manner adversely affect his right to a decree of sale for division. In a court of equity the mortgage is merely a security for the debt, and the mortgagor's equity of redemption is regarded as an estate in land, separate from the legal estate, alienable or transmissible by descent or devise. Welsh v. Phillips, 54 Ala. 309, 25 Am. Rep. 679; Wade v. Bank of Gaylesville, 216 Ala. 539, 113 So 617. Moreover, said mortgagee was made a party defendant for the purpose of having the indebtedness due on the mortgage paid to it, and has answered admitting the averments of the bill, and in no event, therefore, could said mortgage adversely affect the decree of sale.

We find nothing in the cases of Crabtree v. Price, 212 Ala. 387, 102 So. 605, and Gayle v. Johnston, 80 Ala. 395, cited by appellant, that in any manner militates against the conclusion here reached.

We have treated the matters presented by the record and assignments of error, and it is our judgment that the decree is correct and fully sustained by averment and proof. It will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.