HOUSTON, Justice.
Bank of Powell sought an adjudication in a declaratory judgment action that its mortgage, which was subordinate to a mortgage to Peoples Bank, was the only lien on the property, under the doctrine of merger, since the mortgagors, Kenneth and Lilly Brandon, executed a warranty deed in lieu of foreclosure to Peoples Bank. The trial court granted summary judgment for the defendant, Peoples Bank, after finding “that there is no genuine issue of material fact in this case and that the defendant [Peoples Bank] is entitled to an adjudication by summary judgment that no merger occurred to advance plaintiff’s [Bank of Powell] lien to a position superior to defendant’s lien.” Bank of Powell appeals. We affirm.
In Alabama, upon the execution of a mortgage, the mortgagee receives legal ti- *846 tie, Trauner v. Lowery, 369 So.2d 531 (Ala.1979). The mortgagor retains an equity of redemption, which he may convey. McDuffie v. Faulk, 214 Ala. 221, 107 So. 61 (1926). When the legal title and the equity of redemption are united, a merger of interests occurs. First National Bank of Mobile v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala.1981); Barnett & Jackson v. McMillan, 176 Ala. 430, 58 So. 400 (1912). The Brandons executed a mortgage to Peoples Bank, which was duly recorded. At that time Peoples Bank had legal title and the Brandons had an equity of redemption. The Brandons then executed a mortgage to Bank of Powell, which was duly recorded. The Brandons then executed a “warranty deed in lieu of foreclosure” to Peoples Bank. Bank of Powell contends that this resulted in a merger of the entire title in Peoples Bank, which extinguished the mortgage of Peoples Bank, so that the Bank of Powell’s mortgage became a first lien on the property, or, at least, that this was a factual question to be resolved by the trier of fact.
“[Mjerger is a technical rule at best, and so, even though two rights become united in one person, a court of equity will keep them separated if that is required by the outstanding claim of a third party or is necessary in view of the proprietor’s own situation. This is often described as a matter of intention, but in reality it is a ‘rule of law,’ that is, it is a principle that guides our courts of equity when the facts are clear. Perhaps Sir George Jes-sel put it as well as can be when he said ‘If there is no reason for keeping it (the outstanding interest, now acquired), then equity will, in the absence of any declaration of his intention, destroy it; but if there is any reason for keeping it alive, such as the existence of another encumbrance, equity will not destroy it.’ ”
1 Glenn on Mortgages 288-89, § 45.2 (1943).
Chief Justice Bellows, writing for the New Hampshire Supreme Court in Stantons v. Thompson, 49 N.H. 272 (1870), wrote: “In fact, the doctrine of merger springs from the fact that when the entire equitable and legal estates are united in the same person, there can be no occasion to keep them distinct, for ordinarily it could be of no use to the owner to keep up a charge upon an estate of which he was seized in fee simple; but if there is an outstanding, intervening title, the foundation for merger does not exist, and as matter of law it is so declared.” 49 N.H. at 279. (Emphasis added.)
“It is a general rule that when the legal title becomes united with the equitable title, so that the owner has the whole title, the mortgage is merged in the unity of possession. But_, if there be an intervening right between the mortgage and the equity, there is no merger.”
2 Jones on Mortgages 512, § 1080 (8th ed. 1928).
The factual situation in A.M. Robinson Co. v. Anniston Land Co., 217 Ala. 648, 117 So. 29 (1928), was similar to that in this case. There, a demurrer to the bill of complaint was sustained, and we affirmed. The pertinent averments of the bill were that the mortgagee made an agreement with the mortgagor cancelling the mortgage indebtedness in consideration for a deed from mortgagor to mortgagee; that the mortgagor, between the execution of the mortgage and deed, had executed a mortgage to a third party, which was duly recorded. The third party sought to have its mortgage elevated to a first lien on the property, through the doctrine of merger. We held, as a matter of law that the third party’s intervening mortgage was not superior to the first mortgage and that as a matter of law the doctrine of merger did not apply in that factual situation.
The Honorable Randall Cole did not err in granting summary judgment for the defendant.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.