STEAGALL, Justice.
Plaintiff, Bertha Jean G. Baines, appeals from a Rule 12(b)(6), A.R.Civ.P.. dismissal of a complaint for the partition or sale of certain lands. We reverse and remand.
A deed to the land in question was recorded in the names of James Jordan and *949 his wife, lia M. Jordan. On August 1, 1972, they gave a mortgage to the Farmer’s Home Administration (“Fm.H.A.”). Thereafter, Ila Jordan died, whereby title to the property vested in her husband, James Jordan, through a survivorship provision. Subsequently, Jordan married Bertha Jean G. Baines and purported to convey the property in question to himself and her jointly with right of survivorship in an instrument dated June 12, 1980. Sometime thereafter Jordan and Baines were divorced and, as part of the divorce judgment, the court allowed the parties to sell this particular piece of property, with the proceeds of the sale to be divided evenly between the parties. Baines then sued, seeking an order that the real property be sold for division of the proceeds in a manner provided by law or sold pursuant to the divorce judgment, and seeking such other relief as she might be entitled to.
Defendant Jordan filed his A.R.Civ.P. 12(b)(6) motion to dismiss in response to Baines’s complaint, and as the basis for dismissal he stated these grounds:
1. Baines failed to state a claim upon which relief could be granted.
2. The subject real property was encumbered by a mortgage.
3. The subject real property was Jordan’s homestead.
4. The alleged mortgagee was a necessary and indispensable party who was not joined in this action pursuant to A.R.Civ.P. Rules 19 and 22.
After a hearing was held, without a court reporter or the taking of testimony, Baines was allowed to amend her complaint to request that the trial court make a determination as to whether a mortgagee, in fact, existed and, if so, order that the mortgagee be made a party to this suit. Baines, in her amendment, also requested that any mortgagee, if found, be paid out of the proceeds of the sale of the property. On September 1, 1987, the court granted Jordan’s motion to dismiss. Baines appeals.
The sole issue here is whether the complaint, praying for partition or sale of real property held as tenants in common or joint tenants (said property having previously been the subject of relief granted in the judgment divorcing Baines and Jordan, which allowed the sale of said property with the proceeds to be divided evenly between the parties) was properly subject to a Rule 12 motion to dismiss.
Jordan argues that Baines has nothing more than a redemptive interest in the real property; that at the time the mortgage was executed to Fm.H.A. (which effectively transferred legal title to Fm.H.A.), Baines was not a tenant in common with Jordan; and that any subsequent conveyance by Jordan was without any effect, since he had no legal interest that he could lawfully convey.
“Where a 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. ... In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail.”
Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985). (Citations omitted.) (Emphasis original.)
“ ‘ “The well-understood position of an appellate court reviewing the grant of a motion to dismiss is, taking the allegations of the complaint most strongly in favor of the pleader, to determine whether the plaintiff could prove any set of facts in support of his claim which would entitle him to relief.” ’ ”
Harris v. City of Montgomery, 435 So.2d 1207, 1210 (Ala.1983), quoting earlier cases of this Court.
Jordan, in his brief, relies on several cases that stand for the proposition that the execution of a mortgage effectively transfers legal title to the mortgagee and leaves only an equity of redemption in the mortgagor. In Bank of Powell v. Peoples Bank, 503 So.2d 845 (Ala.1987), this Court noted that “[i]n Alabama, upon the execution of a mortgage, the mortgagee receives *950 legal title.... The mortgagor retains an equity of redemption, which he may convey.” 503 So.2d at 845. The Powell case, however, dealt specifically with the question of when equitable and legal titles, once separated, are merged. The Court stated that “[w]hen the legal title and the equity of redemption are united, a merger of interests occurs.” 503 So.2d at 846. The case dealt specifically with the effect an intervening lienholder has on the alleged merger of equitable and legal titles. That is not the question here.
Also cited in Jordan’s brief is the 1979 case of Trauner v. Lowrey, 369 So.2d 531 (Ala.1979). Writing for the Court, Chief Justice Torbert recited the law in Alabama with respect to the effect a mortgage has on the mortgagor’s title to the property:
“Alabama classifies itself as a ‘title’ state with regard to mortgages. Execution of a mortgage passes legal title to the mortgagee.... The mortgagor is left with an equity of redemption, but upon payment of the debt, legal title revests in the mortgagor_ The equity of redemption may be conveyed by the mortgagor, and his grantee secures only an equity of redemption_ The payment of the mortgage debt by the purchaser of the equity of redemption invests such purchaser with the legal ti-tle_ The equity of redemption in either case, however, is extinguished by a valid foreclosure sale, and the mortgagor or his vendee is left only with the statutory right of redemption....”
369 So.2d at 534. (Citations omitted.)
Trauner, however, is not dispositive of this case. While it is true that Alabama is a title state and that a mortgage does convey legal title to the mortgagee, leaving the mortgagor with only an equity of redemption, nothing prevents the co-tenants of this equity of redemption property right from filing suit to have the property in question portioned or, in the alternative, to have it sold for a division of the proceeds. In Burr v. Fox, 227 Ala. 543, 150 So. 911 (1933), an action for partition was brought. The uncontroverted testimony was that the property in question was jointly owned and could not be equitably partitioned. The Court stated:
“And the fact that complainant had executed to the Title Guarantee Loan & Trust Company a mortgage on his undivided interest did not in any manner adversely affect his right to a decree of sale for division. In a court of equity, the mortgage is merely a security for the debt, and the mortgagor’s equity of redemption is regarded as an estate in land, separate from the legal estate, alienable or transmissible by descent or devise.... Moreover, said mortgagee was made a party defendant for the purpose of having the indebtedness due on the mortgage paid to it, and has answered admitting the averments of the bill, and in no event, therefore, could said mortgage adversely affect the decree of sale.”
227 Ala. at 545, 150 So. at 913. (Citations omitted.)
In Edmondson v. Martin, 256 Ala. 73, 53 So.2d 613 (1951), this Court, again addressing the effect a mortgage has on a co-tenant’s right of partition or sale, stated:
“Under the allegations of the bill the deed was given to Dewey Edmondson to secure a debt and will, therefore, be considered in equity as a mortgage conferring upon the parties the relative rights of mortgagors and mortgagee.... Therefore Dewey Edmondson has an un-foreclosed mortgage on the real estate which means that Allie Barnett and the other heirs at law of Martha Martin have an equity of redemption_ It is evident that the bill in the present case seeks to be both a bill for the sale for division among the joint owners or tenants in common and also a bill to redeem from a mortgage by the exercise of the equity of redemption. As a bill for a sale for division among the joint owners or tenants in common it cannot affect the interest of Dewey Edmondson as the holder of a mortgage.... In other words, a sale for division cannot be made free of his mortgage without his consent, but when a bill in equity seeks to redeem from a mortgage through the exercise of *951 the equity of redemption the bill has equity.... In the situation as alleged in the case at bar the property should first he redeemed and then sold for division. ... But under § 189, Title 47, Code of 1940 [Code of Alabama (1975), § 35-6-23], when no objection is made, the bill may be maintained both to redeem and to sell for division because the court has the power to adjust and determine the equities and claims of the in-cumbrancer and having done so, if the property is redeemed, may then order the property sold for distribution.”
256 Ala. at 75-76, 53 So.2d at 615-616. (Citations omitted.)
Upon consideration of the foregoing cases, taking the allegations of the complaint most strongly in favor of Baines, we hold that Baines has alleged a set of facts in support of her claim that would entitle her to relief. Therefore, it was error to grant Jordan’s A.R.Civ.P. 12(b)(6) motion to dismiss.
REVERSED AND REMANDED.
JONES, SHORES and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.