YATES, Judge.
Steve and Tina Sias appeal from a judgment declaring Mary Brewer to be the owner of a mobile home and awarding her insurance proceeds.
Independent Fire Insurance Company filed a complaint for interpleader, acknowledging its responsibility to pay $7,176.68 under an insurance policy issued in 1984 to Waylan Brewer and providing “dwelling and other coverage” on a mobile home. Because there were conflicting claims by the Siases and Mary Brewer for the insurance proceeds, Independent Fire requested that the circuit court determine the party entitled to the proceeds. The Siases counterclaimed, requesting the court to determine that they were entitled to the insurance proceeds. Mary Brewer filed a cross-claim for a declaratory judgment, contending that she was the owner of the mobile home and, as such, was entitled to the insurance proceeds.
Mary Brewer and Waylan Brewer were divorced on January 4, 1991. The divorce judgment incorporated a separation agreement that provided:
“4. Division of Property:
A. Mobile Home: Mary Brewer shall receive all of the right, title and interest owned by Waylan Brewer in and to the mobile home of the parties namely a 1977 Holiday mobile home_ Any outstanding indebtedness owed on said mobile home shall be paid by Waylan Brewer who shall keep Mary Brewer safe and harmless from any further or additional liability thereon.”
In March 1991, the insurance policy was changed to substitute Mary as the insured in place of Waylan. Mary lived in the mobile home until she remarried in May 1991.
The Siases contend that on June 15, 1991, they entered into an agreement with Waylan Brewer to purchase the mobile home. They moved into the home in June 1991, and made approximately seven mortgage payments and paid some $315 in insurance payments before the home was destroyed by fire in February 1992.
After ore tenus proceedings, the trial court entered an order finding that Mary Brewer owned both the mobile home and the insurance policy and that she was entitled to the insurance proceeds. The court awarded the Siases $1,139.52, the sum by which the principal balance owed on the mobile home was reduced by the mortgage payments they had made, and $315 as reimbursement for the insurance premiums that they had paid.
The only issue on appeal is whether the trial court erred in finding that Mary Brewer was entitled to the insurance proceeds.
We note initially that when a trial court receives evidence ore tenus, a presumption of correctness attaches to its judgment and this court will not reverse it unless it is palpably wrong or manifestly unjust. Thomas v. Williams, 565 So.2d 264 (Ala.Civ. App.1990). Also, when a trial court hears conflicting testimony and then enters its findings of fact, those findings are presumed correct and “every presumption will be indulged in favor of the court’s findings”. Gulledge v. Frosty Land Foods International, Inc., 414 So.2d 60, 63 (Ala.1982).
Tina Sias testified that Waylan agreed that upon the satisfaction of the mort *489 gage “they would sign over everything in our name.” However, both Mary Brewer and Tina Sias testified that they had never made any agreement between themselves regarding the mobile home. Further, Mary Brewer testified that she had never talked with the Siases or signed any document conveying her interest in the mobile home. Additionally, Steve Sias testified that at the time of the hearing he had worked with Waylan Brewer for two years and that he knew the feelings between Waylan and Mary were “not good.”
The divorce judgment clearly awarded Mary Brewer all right, title, and interest in the mobile home. Therefore, Waylan Brewer had no authority to enter into an agreement to sell the mobile home to the Siases.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.