L. CHARLES WRIGHT, Retired Appellate Judge.
Floyd Grainger and Shirley Grainger filed a complaint against Ray Cavender in the Winston County Circuit Court, asserting claims of conversion, detinue, and breach of contract. Cavender answered and counterclaimed for breach of contract. Following oral proceedings, the trial court entered a judgment on July 9, 1996, stating, in pertinent part:
“This cause coming on to be heard on the pleadings, evidence taken in open court, together with exhibits, and the stipulation of the parties in the record, now upon consideration of the foregoing, it is ORDERED, ADJUDGED, and DECREED as follows:
“1. The [Graingers] shall have and recover, of [Cavender] the sum of thirty one thousand four hundred fifty-eight dollars and forty cents ($31,458.40), being principal of $28,350 and interest of $3,108.40 from September 11, 1994, to this date, together with the costs of this cause for which, if not paid, let execution issue according to law.
“2. ... [Cavender] may with the assistance of any sheriff of any county ... take possession of said truck and, with the advice of counsel, proceed to sell at public auction for cash said Mack truck, ... [and] if [Cavender] sells the said truck, he shall promptly pay into the Clerk’s office of this court the total proceeds of said sale, which shall be credited against the above judgment and paid over to [the Graingers].
[[Image here]]
“6. All other claims have been specifically considered and are expressly denied.
“7. For the benefit of everyone, and not as the sole reason for the above, this court cites [§§ 7-2-401, 7-2-102, 7-9-503, 7-9-505(2), and 7-9-507, Ala.Code 1975].”
On August 19, 1996, Cavender filed a notice of appeal. On August 27, 1996, the Graingers filed a process of garnishment. On that day, the clerk of the circuit court issued a writ of garnishment. On August 30, 1996, the Mack truck was sold at a public auction for $6,000, which was paid into the clerk of the circuit court. On September 4, 1996, Cavender filed a supersedeas bond. On October 17, 1996, the trial court entered an order, directing the circuit court clerk to release the $6,000 to the Graingers. On November 5, 1996, Cavender filed a petition for a writ of mandamus. On December 10, 1996, this court granted Cavender’s petition and directed the trial court to direct the circuit court clerk “to hold monies during the pendency of this case.”
On appeal Cavender contends that the Graingers were in default of a sales agreement and that, therefore, that trial court erred in entering a judgment in favor of the *1208 Graingers. He also contends that trial court erred in ordering that the $6,000 be paid to the Graingers.
When the trial court is presented evidence ore tenus, its findings of fact are presumed correct, and its judgment based on those findings of fact will not be reversed unless it is clearly erroneous, manifestly unjust, without supporting evidence, or against the great weight of the evidence. Odom v. Hull, 658 So.2d 442 (Ala.1995).
The record reveals the following facts: On September 14,1998, the Graingers and Cavender entered into a sales agreement. Cavender agreed to sell the Graing-ers a front-end loader, a track loader, a bulldozer, a backhoe, a dump truck, a pickup truck, a “lo boy” trailer, and a 1976 F-600 truck, for a total of $57,000. The agreement provided that the Graingers would pay $15,-000 down and $850 per month.
The Graingers and Cavender each testified that in June 1994, Cavender requested permission to use the bulldozer and that Caven-der promised to pay the Graingers $20 per hour for the hours that he used the bulldozer. They also testified that the Graingers agreed to Cavender’s request. Mr. Grainger and Cavender each testified that Cavender did not return the bulldozer and that Caven-der eventually “took” all of the equipment except the dump truck.
The Graingers and Cavender presented conflicting testimony regarding the amounts and the dates of the Graingers’ payments, the amount of credits to be applied to the amount owed by the Graingers, and whether Cavender had permission to take and use certain pieces of equipment. They also presented conflicting testimony regarding the date that Cavender was to return the bulldozer, whether Cavender had permission to make repairs to certain pieces of equipment, whether the Graingers agreed to pay for the repairs made by Cavender, and the condition of the equipment when Cavender “took” the equipment.
The trial court in this case “had the opportunity to observe the witnesses as they testified, to judge their credibility and demeanor, and to observe what this court cannot perceive from the written record.” Dobbins v. Dobbins, 602 So.2d 900, 901 (Ala.Civ.App.1992). Moreover, when a trial court hears conflicting evidence and then enters its findings of fact based on that evidence, every presumption will be indulged in favor of the trial court’s findings. Gulledge v. Frosty Land Foods Int’l, Inc., 414 So.2d 60 (Ala.1982); Sias v. Brewer, 658 So.2d 487 (Ala.Civ.App.1994).
Based upon our review of the record, we cannot conclude that the judgment of the trial court is plainly erroneous, manifestly unjust, or without supporting evidence.
With regard to Cavender’s contention that the trial court erred in ordering the $6,000 paid to the Graingers, this court’s action of December 10, 1996, directing the trial court to order the circuit court clerk to hold the funds during the pendency of this appeal renders this issue moot.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.